IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Kathryn Lynn Pinke, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING DEFENDANTS'** |
| | ) | **MOTION FOR SUMMARY JUDGMENT** |
| vs. | ) | |
| | ) | |
| Shawn Kuntz, *individually and in his* | ) | |
| *capacity as Superintendent of the Wishek* | ) | |
| *Public School District*; Curt Meidinger, | ) | Case No. 1:18-cv-024 |
| Melissa Kaseman-Wolf, Bruce Herr, | ) | |
| Trina Schilling, and Dynette Ketterling, | ) | |
| *individually and in their capacities as* | ) | |
| *members of the Wishek Public* | ) | |
| *School Board*, | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is the Defendants' motion for summary judgment filed on August 2, 2019. See Doc. No. 46.  The Plaintiff filed a response in opposition to the motion on September 6, 2019. See Doc. No. 51.  The Defendants filed a reply on September 27, 2019. See Doc. No. 54.  For the reasons set forth below, the motion for summary judgment is granted.

I. **BACKGROUND**

Kathryn Pinke brought this suit against Shawn Kuntz, Curt Meidinger, Melissa Kaseman-Wolf, Bruce Herr, Trina Schilling, and Dynette Ketterling in their individual and official capacities under 42 U.S.C. § 1983, alleging they violated her constitutional rights.  Shawn Kuntz is the Superintendent of the Wishek Public School District ("District").  Curt Meidinger, Melissa Kaseman-Wolf, Bruce Herr, Trina Schilling, and Dynette Ketterling are members of the Wishek

1

Public School Board. Kathryn Pinke is the mother of two minor children who attend school in the District.

Pinke's claims arise from a temporary ban, barring her from entering the Wishek Public School ("School") without prior approval from the Superintendent. The ban took effect on November 14, 2017, when Superintendent Kuntz sent Pinke a letter advising that due to her repeated disruptive and inappropriate conduct on school property, she was barred from entering the School without prior approval for the remainder of the 2017-2018 school year. On February 5, 2018, Pinke initiated this action by filing a complaint bringing Section 1983 claims, alleging the Defendants' actions related to the ban violated her constitutional rights. The complaint includes three counts: Count I alleges violation of Pinke's First Amendment rights, Count II alleges violation of Pinke's Fifth Amendment due process rights, and Count III alleges violation of Pinke's Fourteenth Amendment due process and equal protection rights. The Court previously dismissed Count II upon stipulation of the Plaintiff. See Doc. No. 59.

In her complaint, Pinke requested injunctive relief enjoining the District from enforcing the ban, compensatory damages, and costs and attorney's fees. The ban expired on May 22, 2018, at the end of the school year. The Defendants move for summary judgment.

II. **STANDARD OF REVIEW**

Summary judgment is appropriate when the evidence, viewed in a light most favorable to the non-moving party, indicates that no genuine issues of material fact exist and that the moving party is entitled to judgment as a matter of law. Davison v. City of Minneapolis, 490 F.3d 648, 654 (8th Cir. 2007); see Fed. R. Civ. P. 56(a). Summary judgment is not appropriate if there are factual

disputes that may affect the outcome of the case under the applicable substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue of material fact is genuine if the evidence would allow a reasonable jury to return a verdict for the non-moving party. Id. The purpose of summary judgment is to assess the evidence and determine if a trial is genuinely necessary. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The Court must inquire whether the evidence presents a sufficient disagreement to require the submission of the case to a jury or whether the evidence is so one-sided that one party must prevail as a matter of law. Diesel Mach., Inc. v. B.R. Lee Indus., Inc., 418 F.3d 820, 832 (8th Cir. 2005). The moving party bears the responsibility of informing the court of the basis for the motion and identifying the portions of the record which demonstrate the absence of a genuine issue of material fact. Torgerson v. City of Rochester, 643 F.3d 1031, 1042 (8th Cir. 2011). The non-moving party may not rely merely on allegations or denials in its own pleading; rather, its response must set out specific facts showing a genuine issue for trial. Id.; Fed. R. Civ. P. 56(c)(1). If the record taken as a whole and viewed in a light most favorable to the non-moving party could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial and summary judgment is appropriate. Matsushita, 475 U.S. at 587.

### III.  LEGAL DISCUSSION

"Under Article III of the Constitution, federal courts 'may adjudicate only actual, ongoing cases or controversies.'" McCarthy v. Ozark School Dist., 359 F.3d 1029, 1035 (8th Cir. 2004) (quoting Nat'l Right to Life Political Action Comm. v. Connor, 323 F.3d 684, 689 (8th Cir. 2003)). Various doctrines, including the doctrine of mootness, provide the tools used to determine whether

a plaintiff presents a justiciable case or controversy. McCarthy, 359 F.3d at 1035. The Eighth Circuit Court of Appeals has stated:

> The Supreme Court has repeatedly described the mootness doctrine as "the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc., 528 U.S. 167, 189, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000) (citations omitted). Thus, "[w]e do not have jurisdiction over cases in which 'due to the passage of time or a change in circumstance, the issues presented . . . will no longer be 'live' or the parties will no longer have a legally cognizable interest in the outcome of the litigation.'" Van Bergen v. State of Minn., 59 F.3d 1541, 1546 (8th Cir. 1995) (quoting Arkansas AFL-CIO v. FCC, 11 F.3d 1430, 1435 (8th Cir. 1993) (en banc)).

Nat'l Right to Life Political Action Comm., 323 F.3d at 691.

In her complaint, Pinke requested injunctive relief enjoining the Wishek Public School District from enforcing the ban, compensatory damages, and costs and attorney's fees. It is undisputed the ban expired on May 22, 2018, shortly after this action commenced. See Doc. No. 51, pp. 19 and 22. Thus, no ban exists to enjoin. Further, Pinke concedes in her response to the Defendants' motion for summary judgment that she "does not seek compensatory damages because no such damages occurred." See Doc. No. 51, p. 21; see also Doc. No. 47-31, p. 12 (admitting she is not seeking compensatory damages); Doc. No. 47-32, p. 11 (stating, "I am not claiming any monetary damages except for my attorney's fees and costs."). Thus, the Court finds Pinke's only remaining prayer for relief to be costs and attorney's fees.

The Civil Rights Attorney's Fees Awards Act, 42 U.S.C. § 1988, provides in part: "In any action or proceeding to enforce a provision of section . . . 1983 . . . of this title . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." The Supreme Court has clarified who qualifies as a prevailing party:

> Therefore, to qualify as a prevailing party, a civil rights plaintiff must obtain at least

4

> some relief on the merits of his claim. The plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought, or comparable relief through a consent decree or settlement. Whatever relief the plaintiff secures must directly benefit him at the time of the judgment or settlement. Otherwise the judgment or settlement cannot be said to affect the behavior of the defendant toward the plaintiff. Only under these circumstances can civil rights litigation effect the material alteration of the legal relationship of the parties and thereby transform the plaintiff into a prevailing party. In short, a plaintiff prevails when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.

Farrar v. Hobby, 506 U.S. 103, 111-12 (1992) (internal quotations and citations omitted); see also Lewis v. Cont'l Bank Corp., 494 U.S. 472, 480 (1990) (stating that "interest in attorney's fees is . . . insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim"). Because Pinke seeks no additional form of relief, other than costs and attorney's fees, it is impossible for her to "obtain at least some relief on the merits of [her] claim." Accordingly, Pinke cannot achieve the status of a "prevailing party," which would allow for attorney's fees.

Despite effectively abandoning all forms of relief requested in her complaint, Pinke argues that nominal damages are still available to her, preventing this case from being rendered moot. The Court disagrees. First, based on her discovery admissions, it is clear that Pinke has abandoned all forms of monetary damages, including nominal damages. See Doc. No. 47-32, p. 11 (stating, "I am not claiming any monetary damages except for my attorney's fees and costs."). Second, Pinke did not request nominal damages in her complaint. Not until now, in her response to the Defendants' motion for summary judgment, does Pinke request nominal damages in an attempt to save the case from mootness. The Court denies such a request. See Fox v. Bd. of Trustees of State Univ. of New York, 42 F.3d 135, 141 (2d Cir. 1994) (rejecting claim for nominal damages proffered to save case from mootness "primarily because there is absolutely no specific mention in [the Complaint] of

nominal damages.") (internal quotation omitted) (alteration in original). Further support is found in *Phelps-Roper v. City of Manchester*, where the Eighth Circuit Court of Appeals held a claim for nominal damages did not give the plaintiffs standing to challenge repealed versions of an ordinance on free-speech grounds, stating that a request for nominal damages does not "revive an otherwise moot claim against 'a regime no longer in existence.'" 697 F.3d 678, 687 (8th Cir. 2012) (citing Morrison v. Bd. of Educ., 521 F.3d 602, 611 (6th Cir. 2008); but see Advantage Media, L.L.C. v. City of Eden Prairie, 456 F.3d 793 (8th Cir. 2006) (holding that a possible right to nominal damages was sufficient to confer standing and preclude mootness).

Pinke also contends that her case falls within the exception to mootness, allowing a federal court to consider an otherwise moot case if it is "capable of repetition, yet evading review." Fed. Election Com'n v. Wis. Right to Life, Inc., 551 U.S. 449, 462 (2007). The exception applies if "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." Id. (quoting Spencer v. Kemna, 523 U.S. 1, 17 (1998)). The party asserting jurisdiction bears the burden of showing the presence of both requirements. Midwest Farmworker Emp't & Training, Inc. v. U.S. Dep't of Labor, 200 F.3d 1198, 1201 (8th Cir. 2000). This doctrine does not apply when the issue might recur in someone else's case, but not the plaintiff's case. Heles v. South Dakota, 682 F.2d 201, 202 (8th Cir. 1982). For the doctrine to apply, the plaintiff must demonstrate a reasonable expectation that the event complained of will occur again. Gay & Lesbian Students Ass'n v. Gohn, 850 F.2d 361, 365 (8th Cir. 1988). A mere "physical or theoretical possibility" is insufficient; a "demonstrated probability" must be shown. Murphy v. Hunt, 455 U.S. 478, 482 (1982); Weinstein v. Bradford, 423 U.S. 147, 149 (1975).

In her response brief, Pinke states, "there have been no assurances by the Defendants that the conduct against Katie [Pinke], i.e., imposing a ban [from entering the Wishek Public School during the remainder of the 2017-2018 school year] that is both broad in scope and duration, will not be repeated <u>against other parents</u> of the District who speak out against action taken by the District and its officials" (emphasis added). Under the "capable of repetition, yet evading review" exception, this is irrelevant. Pinke must demonstrate there is a reasonable expectation that <u>she</u> will be banned again, not that some other parent could be banned. Even in reference to Pinke, the Court is unconvinced there is a reasonable expectation that Pinke will be banned from school property again. Pinke has not met her burden of demonstrating this ban will occur again. Thus, the Court finds this exception to mootness does not apply. This lawsuit is nothing more than a petty squabble between two very stubborn and unreasonable parties masquerading as a civil rights action. The case is beyond moot and has no place in federal court.

### IV.    <u>CONCLUSION</u>

For the reasons set forth above, the Defendants' motion for summary judgment (Doc. No. 46) is **GRANTED**. Let judgment be entered accordingly.

**IT IS SO ORDERED**.

Dated this 4th day of May, 2020.

<u>/s/ Daniel L. Hovland</u>
Daniel L. Hovland, District Judge
United States District Court
